IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| Matthew Branning, *et al.*,<br><br>*On behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br>v.<br><br>Romeo's Pizza, Inc., *et al.*,<br><br>Defendants. | Case No. 1:19-cv-2092<br><br><br>Judge Solomon Oliver Jr. |

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff Matthew Branning asks the Court to grant final approval of the settlement between himself, the FLSA collective, and the Rule 23 class (collectively, "Plaintiffs"), and the following Defendants: Spackler, Smails, and Noonan Pizza Company; The Summer of George Pizza Company, LLC; I Don't Always Eat Pizza Company, LLC; Robert Braun; Thomas Fiala; John O'Keefe; David Leisinger; the Estate of Michael Hudson; and Robert Gligora (collectively "Spackler Defendants"). The Settlement Agreement (Doc. 111-1) was preliminarily approved on June 8, 2022. (Doc. 113). The notice period has concluded, and no class member has objected. Defendants do not oppose this motion. Accordingly, Plaintiff asks that the Court:

(1) Grant final approval of the proposed settlement;

i

(2) Grant final approval of the service award for Plaintiff Matthew Branning;

(3) Grant final approval of Class Counsel's request for attorneys' fees and costs;

The arguments in support of Plaintiff's motion are more fully set forth in the attached memorandum.

Respectfully submitted,

*/s/ Laura E. Farmwald*
Andrew R. Biller (Ohio Bar # 0081452)
Andrew P. Kimble (Ohio Bar # 0093172)
Laura E. Farmwald (Ohio Bar # 0095304)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*lfarmwald@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff, the FLSA Collective, and the Rule 23 Class*

ii

---

MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR
FINAL SETTLEMENT APPROVAL

---

1. **Introduction**

On June 8, 2022, this Court entered an Order granting Plaintiff Matthew Branning's Unopposed Motion for Preliminary Approval of a settlement on behalf of himself, the FLSA collective settlement class, the Rule 23 class (collectively, Plaintiffs) and the Spackler Defendants[1]. (Doc. 113). The Order approved Plaintiff's proposed schedule for and form of notice to be distributed to the settlement class. *Id.* The Notice process is now complete. Of the 194 pizza delivery drivers who make up the settlement class, 0 class members objected to the settlement, and 0 class members opted out of the Rule 23 class settlement. (Declaration of Bryn Bridley ("Bridley Decl."), attached hereto as Exhibit 1). Plaintiff now asks the Court to grant final approval of the settlement.

2. **Background**

Plaintiff Matthew Branning was a pizza delivery driver for the Spackler Defendants' Romeo's Pizza franchise. The Spackler Defendants operated approximately six Romero's Pizza locations in Ohio during the relevant time.

This lawsuit centers around Plaintiff's allegations that the Defendants inadequately reimbursed their delivery drivers for the drivers' delivery and driving-related expenses. (Second Amended Complaint, Doc. 66). Specifically, Plaintiff alleges that that Defendants required

---

[1] There are two named Plaintiffs in this lawsuit. Plaintiff Bradley Dietrich asserts the same claims stemming from alleged mileage expense under-reimbursement policies against Defendants Romeo's Parma, LLC, BDS Brunswick, LLC, and BDS Brook Park, LLC, but will pursue Rule 23 certification and litigation of those claims separately.

1

delivery drivers to provide their own vehicles to deliver the Defendants' pizza and other food, and the failure to adequately reimburse the drivers caused their wages to fall below the federal minimum wage. (*Id.*).

In addition to the under-reimbursement claim, Plaintiff also alleges that the Defendants failed to pay minimum wage because they failed to properly claim a tip credit from the delivery drivers' wage. (Doc. 66). Specifically, Plaintiff contends that, after accounting for unreimbursed vehicle expenses, the Defendants did not actually pay the tipped wage rate they promised to pay, and therefore forfeited their right to claim a tip credit offset. (*Id.*). Plaintiff also alleges that Defendants' reimbursement policies and practices not only violated federal and state minimum wage laws, but also violated the Ohio Prompt Pay Act, O.R.C. § 4113.15, violated Ohio's Criminal Act's statute, O.R.C. § 2307.60, and resulted in the Spackler Defendants being unjustly enriched by the delivery drivers. The crux of the Parties' dispute is whether the reimbursement provided by the Defendants adequately reimbursed Plaintiff and Defendants' other similarly situated delivery drivers for their vehicle expenses.

Defendants dispute liability. Moreover, Defendants dispute Plaintiff's calculation of and measure of damages, should liability be established.

Since the inception of this lawsuit, the parties have been litigating the issues involved by participating in discovery and through the briefing and filing of Motions to Dismiss, Motions to Bifurcate, and Motions to Compel (*See* Docs. 11, 21, 22, 33-37, 48, 53, 56, 58, 60, 61, 63, 73, 77, 80, 82, 83, 85, 87, 90, 103).

On May 11, 2021, Plaintiff filed a Combined Motion for Rule 23 Class Certification and FLSA Conditional Certification. (Doc. 74). The Motion sought an Order certifying this action as a class action and designating Plaintiff Branning as the representative of the following class:

> All current and former delivery drivers employed by Defendants Spackler, Smails, and Noonan Pizza Company; The Summer of George Pizza Company, LLC; DMTB Pizza Company; I Don't Always Eat Pizza Company, LLC; Rob Braun; Thomas Fiala; John O'Keefe; David Leisinger; the Estate of Michael Hudson, and Robert Gligora in the State of Ohio between the date three years prior to the filing of the original complaint and the date of final judgment in this matter ("Spackler Rule 23 Class").

(*Id.*). Plaintiff's Motion for Certification was granted on March 29, 2022. (Order, Doc. 104).

Shortly thereafter, the Parties reached a negotiated settlement. (*See* Proposed Settlement Agreement, Doc. 111-1). On June 6, 2022, Plaintiff filed his Unopposed Motion for Preliminary Approval of Settlement. (Doc. 111). That motion was granted on June 8, 2022, preliminarily approving the settlement as well as the form and type of notice to be sent to the class members. (Doc. 113).

On July 13, 2022 the Notice of Settlement was mailed to the 194 class members. (Bridley Decl., at ¶6).  On September 12, 2022, the notice period concluded. (*Id.* at ¶8). During the notice period, notices that were returned in the mail as undeliverable were traced in an to attempt to locate a new address for the class member. (*Id.* at ¶ 7). In total, 189 class members or 97.42% of the settlement class received at least one form of Notice of the proposed Settlement. (*Id.* at ¶ 7). No class member has requested to be excluded from the proposed settlement. (*Id.* at ¶ 9). No class member has objected to the proposed settlement. *Id.*

3

### 3. Summary of Settlement Terms

The settlement agreement creates a settlement fund of $250,000.00, inclusive of attorneys' fees, expenses, claims administration fees, and service awards. (*See* Proposed Settlement Agreement, Doc. 111-1). Under the terms of the Agreement, unless they decide to opt out, each class member who worked for the Spackler Defendants at any time between September 11, 2016, and December 31, 2019, will receive a share of the settlement fund. For purposes of the settlement agreement, "Class Member" means:

> All non-exempt hourly delivery drivers who worked at the Spackler Defendants' Romeo's stores during the period from September 11, 2016, to December 31, 2019, who do not exclude themselves from the Lawsuit.

(See, Doc. 111-1).

After subtracting fees, expenses, service awards, and claims administration costs, the remainder of the settlement fund will be distributed based on hours worked as a delivery driver by each Class Member during the period from September 11, 2016, to December 31, 2019 ("Class Period"), divided by the total hours worked as a delivery driver by all Class Members during the Class Period. *Id.*

In exchange for these payments, all class members who cash or negotiate a settlement award check or who did not timely submit an opt-out form, release all FLSA and Ohio wage and hour claims that accrued during the relevant time period (Sep. 11, 2016-Dec. 31, 2019) and which arose out of the facts and claims asserted in the lawsuit. *Id.*

Checks will be distributed to class members within 40 days of a grant of final approval of the settlement. *Id.* Class members will have 180 days from the date the check is issued to cash the check. *Id.* In the event that a check needs to be re-issued to a class member, during the 180-day period, the class member will have 180 days from the date the check was re-issued to cash the

4

check. *Id.* If any checks remain uncashed after 365 days from the first checks being issued, the funds from those uncashed checks will be returned to Defendants. *Id.*

As part of the settlement, Defendants agree not to oppose Plaintiffs' counsel's request for a fee award that is equal to or less than 1/3 of the Settlement Amount (*i.e.*, equal to or less than $83,333.33), advanced expenses of approximately $10,339.57, and a $5,000 service award for Plaintiff Matthew Branning. The Settlement Agreement also provides that funds allocated for settlement administration will be deducted from the settlement fund.

### 4. Standard for Settlement Approval

A three-step procedure is typically used for approving class-wide settlements. *Waters v. Pizza to You, LLC*, No. 3:19-cv-372, 2022 U.S. Dist. LEXIS 26005, at *3 (S.D. Ohio Feb. 9, 2022), citing *Merkner v. AK Steel Corp.*, No. 1:09-cv-423, 2011 U.S. Dist. LEXIS 157375, at *1 (S.D. Ohio Jan. 10, 2011).  "First, the Court determines whether to preliminarily approve the settlement. Second, notice of the settlement is sent to interested persons. And third, the Court must decide whether to finalize approval after holding a hearing." *Id.*

In evaluating an FLSA settlement and an Ohio law wage and hour settlement, the Court's role "is comparable to that of a court in a settlement of a class action…" *Kritzer v. Safelite Sols., LLC*, 2012 U.S. Dist. LEXIS 74994, at *5 (S.D. Ohio May 30, 2012). The Court must ensure that the settlement is (1) the product of a bona fide dispute, (2) fair, reasonable, and adequate, and (3) reached through arms-length negotiation. *Id.* at *5–6. As described below, the proposed settlement meets this standard.

The Court must ensure that the settlement is (1) the product of a bona fide dispute, (2) fair, reasonable, and adequate, and (3) reached through arms-length negotiation. *Id.* at *19–27. In

determining whether a settlement is fair, reasonable, and adequate, courts in the Sixth Circuit consider six factors when deciding whether to approve a settlement. Those factors include (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and amount of discovery completed; (3) the judgment of experienced trial counsel; (4) the nature of the negotiations; (5) any objections from class members; and (6) the public interest. *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 894–85 (6th Cir. 2019) (citing *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007)).

In his Motion for Preliminary Approval, Plaintiff addressed these factors. (Doc. 111 at PageID 4551-4558). In its Order Granting Preliminary Approval, the Court found that "the proposed settlement is fair, reasonable, and adequate. (Doc. 113, PageID 4608). Nothing that has happened since that should alter the Court's conclusion regarding the first five factors. The sixth factor, class member objections, is now ripe for evaluation. There were none. (Bridley Decl. at ¶9). Therefore, this factor lends further support to settlement approval.

**5. The proposed attorneys' fee award and request for reimbursement of advanced litigation expenses and the administration expenses are reasonable and should be approved.**

In Plaintiff's Motion for Preliminary approval, Class Counsel applied for an award of one-third of the settlement fund as attorneys' fees ($83,333.33). (Doc. 111 at PageID 4555). The percentage-fund method has regularly been recognized and approved of in lump sum common fund settlement agreements for wage and hour cases. *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *13 (N.D. Ohio Mar. 26, 2019), citing, *Rawlings v. Prudential-Bache Prop., Inc.*, 9 F.3d 513, 515-16 (6th Cir. 1993); *see also Lonardo v. Travelers Indemnity Co.*, 706 F. Supp. 2d 766, 790 (N.D. Ohio 2010) (the percentage-of-the-fund method is the "preferred

method for common fund cases, where there is a single pool of money and each class member is entitled to a share"); *Swigart v. Fifth Third Bank*, 2014 U.S. Dist. LEXIS 94450, at * 14-15 (S.D. Ohio July 11, 2014) (adopting the percentage approach as "the most appropriate method for determining reasonable attorneys' fees" in wage and hour cases); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *5 (S.D. Ohio Nov. 25, 2019) (An award of one-third "is a normal fee amount in a wage and hour case."). "Absent compelling reasons to the contrary, this Court prefers the percentage-of-the-fund method, as it best reflects the FLSA's employee-protection objective." *Dewald v. Time Warner Cable, Inc.*, No. 16-cv-1129, 17-cv-00631, 2021 U.S. Dist. LEXIS 32459, at *16.

The Order granting Preliminary Approval, recognized that all requests by Plaintiff regarding the settlement were fair, reasonable, and adequate, including the requested attorney's fees. (Doc. 113). Now, following class members' opportunity to object and with a full record of Class Counsel's expenses available, the Court can consider final approval of Plaintiff's requested attorney's fees and costs.

### 5.1. Attorney's Fees

Courts also analyze the six *Ramey* factors to ensure the attorneys' fee award is reasonable: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (the lodestar cross-check); (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Arledge v. Domino's Pizza, Inc.*, No. 3:16-cv-386, 2018 U.S. Dist. LEXIS 179474, at *11 (S.D. Ohio Oct. 17, 2018); *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196

(6th Cir. 1974). There is not a formula for weighing the factors. *See NorCal Tea Party Patriots v. Internal Revenue Serv.*, 2018 U.S. Dist. LEXIS 139769, at *7 (S.D. Ohio Aug. 17, 2018). Moreover, "the Court should be mindful that each case presents a unique set of circumstances and arrives at a unique settlement, and thus different factors could predominate depending on the case." *In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 764 (S.D. Ohio 2007). Here, each of these factors weighs in favor of granting the requested fee.

First, the settlement results in a substantial benefit to the class. As described in Plaintiff's Motion for Preliminary Approval, this is a case that might well result in a worse outcome for Plaintiffs if litigation continued. (Doc. 111 at PageID 4552-4553). This is for a variety of reasons, including the factual and legal issues in the litigation itself and the likelihood of collecting a judgment.

As it stands, the total settlement constitutes approximately 84% of the total of unpaid wages before attorney's fees and costs, as calculated by Plaintiffs (which Defendants dispute as an accurate reflection of the potential unpaid wages, if any)[2]. This is a tremendous result. *See, e.g.*, *Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (finding settlement of 10% of the total amount sought is adequate due to risks and costs of trial); *Viceral v. Mistras Group, Inc.*, 2016 U.S. Dist. LEXIS 140759, *21 (N.D. Cal. Oct. 11, 2016) (in class action for owed wages, settlement payment equal to 11.6% and 5.2% of estimated value of state and federal claims is fair and reasonable in light of strength and variability of claims and risks on merits); *Dillworth v. Case Farms Processing Inc.*, 2010 U.S. Dist. LEXIS 20446, *20 (N.D. Ohio Mar. 8,

---

[2] $250,000/$297,097.61 = 0.8415

2010) (finding recovery of one-third of owed wages for class members, before deducting attorney's fees and costs, is "well above… average."). This factor supports the requested fee award.

Second, there is a benefit to society in ensuring that claimants with smaller claims may pool their claims and resources, and "the societal benefit is particularly acute in wage and hour cases brought on behalf of minimum wage workers. *Arp v. Hohla & Wyss Enters., LLP*, No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512, at *17–18 (S.D. Ohio Nov. 5, 2020). "The attorneys who take on class action cases enable this." *Id.*, *citing Moore v. Aerotek, Inc.*, No. 2:15-cv-2701; 2:16-cv-1066, 2017 U.S. Dist. LEXIS 102621, *26–27 (S.D. Ohio June 30, 2017). Society has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own. *Id.* This factor supports the requested fee award.

Third, class counsel's services were provided on a contingency fee basis. *See* Declaration of Laura Farmwald ("Farmwald Decl.") at ¶11, attached as Exhibit 2. This factor supports the requested fee award.

Fourth, while a lodestar cross-check is not required,[3] it too supports the requested attorneys' fees award. This lawsuit started as, and remains, a case against all of the Romeo's Pizza stores in Ohio. On January 27, 2021, when Plaintiffs filed their Second Amended Complaint, the case was split onto two separate tracks—one component of the action sought unpaid wages and damages for the delivery drivers who worked for the Romeo's franchise stores owned and operated by the Spackler Defendants, whereas the remainder of the action sought unpaid wages and damages for the delivery drivers who worked for Romeo's corporate and/or franchise stores owned and operated by Ryan Rose. (Doc. 66). To date, in total, Class Counsel has incurred over $250,000 in

---

[3] *Arp*, 2020 U.S. Dist. LEXIS 207512, at *18.

attorney time. (Farmwald Decl. at ¶12). Class Counsel estimates that at least half of that time—

roughly $125,000—is attributable to work performed on behalf of the Spackler delivery drivers.

Since this amount exceeds the attorneys' fees requested by Class Counsel, Class Counsel contends

that the requested fee is reasonable, and therefore Class Counsel has not parsed through their time

records to separate out the time entries. If it would assist the Court, Class Counsel can conduct

that exercise and make their time records available for the Court's review. Given the voluminous

nature of those records, length of litigation, number of docket entries evidencing substantial work,

and time it would take to compile and review those records, Class Counsel suggest that such a

detailed review is not necessary here. "In determining fee awards, courts should not 'become

green-eyeshade accountants [,]' but instead must content themselves with 'rough justice[.]'"

*Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 618 (6th Cir. 2021). Additionally,

Class Counsel's hourly rates have been approved as reasonable in numerous cases. *Estate of*

*McConnell v. EUBA Corp.*, No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 92836, at *19 (S.D. Ohio

May 17, 2021) (approving hourly rates for Andy Biller at $600 per hour; Andrew Kimble at $550

per hour; Phil Krzeski (previously employed attorney) at $350 per hour; and Erica Blankenship

(previously employed attorney) for $350 per hour); *Brandenburg*, 2019 U.S. Dist. LEXIS 204371,

at *17; *Arp*, 2020 U.S. Dist. LEXIS 207512, at *19.

Class Counsel's work will continue after final approval. "Class Counsel frequently spend

additional time, sometimes significant time, dealing with class members' inquiries, administration

issues, and other post-approval matters." *McConnell*, 2021 U.S. Dist. LEXIS 92836, at *19. This

further supports a lodestar cross-check in this case.

10

In addition to the hours Class Counsel has worked on this pizza delivery driver case, Biller & Kimble, LLC has worked many thousands of hours on pizza delivery driver cases throughout the country. Class Counsel has "established an expertise in 'pizza delivery driver' litigation, having expended thousands of hours on similar cases which informed and enhanced their representation of Plaintiff here." *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-cv-426, 2019 U.S. Dist. LEXIS 11019, at *14 (S.D. Ohio Jan. 17, 2019); *see also Brandenburg*, 2019 U.S. Dist. LEXIS 204371, at *6 (discussing Biller & Kimble's expertise in this area). These hours "directly benefited the class in this case." *Arp*, 2020 U.S. Dist. LEXIS 207512, at 20. "A firm's expertise in a niche area provides important context when analyzing the reasonableness of a fees." *Id*. at *21. "It would be inequitable for a court to reduce a fee award based on a lodestar cross-check without considering a law firm's work other cases raising the same or similar issues." *Id*. Here, Class Counsel's expertise in this niche area enhanced their representation here.

Fifth, wage and hour class/collective actions are "inherently complex." *Arledge,* 2018 U.S. Dist. LEXIS 179474, at *5. This factor supports approval of the requested fee award. This case involved novel and complex issues of law that have been hotly contested throughout the country. This factor supports the requested fee award.

Sixth, both the class and Defendants are represented by skilled and experienced counsel. As noted above, Class Counsel has substantial experience in pizza delivery driver litigation. Defendants' counsel, also has expertise in wage and hour litigation, having represented numerous employers. This factor supports the requested fee award.

Based on the Court's preliminary approval of the requested fees, and because all the *Ramey* factors support the requested fee award, Plaintiffs request the Court grant final approval to class counsel's request for one-third of the settlement fund in attorneys' fees.

### 5.2.    Reimbursement for advanced litigation expenses should be approved.

Class Counsel also seeks reimbursement of advanced litigation expenses and administration costs. In this case, Class Counsel has incurred a total of $10,339.57 in litigation costs and expenses, all of which Class Counsel advanced. (Farmwald Decl. at ¶ 16). The expenses are detailed and itemized in Attorney Farmwald's declaration and include filing fees, service, deposition, mediation costs. *Id.*. Plaintiff asks the court to approve reimbursement of these expenses.

### 6.  The incentive service award should be approved.

In its Order Granting Preliminary Settlement Approval the Court preliminary approved Named Plaintiff Matthew Branning's requested $5,000 incentive service award. (Doc. 113). This is well within the range of approved service awards. *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997); *Dun & Bradstreet*, 130 F.R.D 366, 374 (S.D. Ohio 1990); *Chrismon v. Meadow Greens Pizza*, 2020 U.S. Dist. LEXIS 119873, at *14 (E.D.N.C. July 7, 2020) (collecting cases approving a $10,000 service award in pizza delivery driver cases).

Furthermore, Following the distribution of notice, there have been no objections whatsoever. (Bridley Decl., at ¶9). As a result, the Court should grant final approval to the incentive service award.

12

**7. Conclusion**

In light of the foregoing, Plaintiff asks the Court to enter an Order: (1) granting final approval to the proposed settlement; (2) granting final approval to the service award for the Plaintiff; (3) granting final approval to Class Counsel's request for attorneys' fees and costs; (4) Dismissing this case with prejudice.

Respectfully submitted,

*/s/ Laura E. Farmwald*
Andrew R. Biller (Ohio Bar # 0081452)
Andrew P. Kimble (Ohio Bar # 0093172)
Laura E. Farmwald (Ohio Bar #0095304)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*lfarmwald@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiffs and putative class*

**<u>Certificate of Service</u>**

The undersigned hereby certifies that a copy of the foregoing was served upon counsel for

Defendants through the Court's ECF system.


*/s/ Laura E. Farmwald*