UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| Bradley Dietrich, *et al.*,<br><br>*On behalf of themselves and those similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Romeo's Pizza, Inc., *et al.*,<br><br>Defendants. | Case No. 1:19-cv-2092-SO<br><br>Judge Solomon Oliver Jr. |

# PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Plaintiff Bradley Dietrich on behalf of himself, the FLSA collective, and the Rule 23 class (collectively, "Plaintiffs"), hereby moves for final approval of the class and collective action settlement reached with Defendants BDS Brunswick, LLC, BDS Brookpark, LLC, Romeo's Parma, LLC, and Ryan Rose (collectively, "Defendants"). Defendants do not oppose this motion.

Respectfully submitted,

*/s/Laura Farmwald*
Andrew R. Biller *(admitted pro hac vice)*
Andrew P. Kimble *(admitted pro hac vice)*
Laura E. Farmwald *(admitted pro hac vice)*
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236

Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*lfarmwald@billerkimble.com*

*Counsel for Plaintiff and the Rule 23 class and FLSA collective*

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL SETTLEMENT APPROVAL

## 1. Introduction

On April 6, 2026, this Court preliminarily approved the settlement agreement entered into between Plaintiff Bradley Dietrich and Defendants BDS Brunswick, LLC, BDS Brookpark, LLC, Romeo's Parma, LLC, and Ryan Rose (collectively, "Defendants") to resolve the claims asserted as set forth in the Settlement Agreement, attached hereto as Exhibit 1.

This settlement resolves a complex wage and hour dispute over Defendants' reimbursement policies at their Romeo's Pizza locations in Ohio. The dispute involves several contested issues of fact and law.

Following the Court's preliminary approval (ECF No. 170), the Parties completed the Settlement Notice process, sending notice of the settlement to the class members. As of the time of the filing of this motion, no class members have opted out of or objected to the settlement.

Plaintiff now asks the Court to approve the Settlement Agreement as fair, reasonable, and adequate, approve the attorneys' fees, costs, and service award, and order the parties to carry out the settlement's terms.

## 2. Summary of Case and Settlement

In their unopposed Motion for Preliminary Settlement Approval (ECF No. 169, filed April 2, 2026), Plaintiff detailed the claims asserted in this lawsuit, the course of the litigation, the settlement negotiations and considerations, the scope of the release of claims, and the terms of the settlement. Plaintiff incorporates that Motion herein in its entirety.

This is a wage and hour case brough on behalf of pizza delivery drivers employed by Romeo's Pizza locations owned and operated by Defendants from September 11, 2016 to December 31, 2019 in Ohio.

This lawsuit centers on Plaintiff's allegations that the Defendants inadequately reimbursed their delivery drivers for their driving-related expenses. *See* Second Amended Class and Collective Action Complaint, ECF No. 66. Specifically, Plaintiff alleges that Defendants required delivery drivers to provide their own vehicles to deliver the Defendants' pizza and other food, and the failure to adequately reimburse the drivers caused their wages to fall below the federal minimum wage. *Id.* Defendants deny they under-reimbursed drivers. Defendants contend that Defendants fully paid all wages owed to delivery drivers.

In addition to the under-reimbursement claim, Plaintiff also alleges that Defendants failed to pay minimum wage because they failed to properly claim a tip credit from the delivery drivers' wages. *See* ECF No. 66. Specifically, Plaintiff contends that after accounting for unreimbursed vehicle expenses, Defendants did not actually pay the tipped wage rate they promised to pay and therefore forfeited their right to claim a tip credit offset. *Id.* Plaintiff also alleges that Defendants' reimbursement policies and practices not only violated federal minimum wage laws but also violated the wage and hour laws of Ohio and resulted in the Defendants being unjustly enriched by the delivery drivers. *Id.* The crux of the Parties' dispute is whether the reimbursement provided by the Defendants adequately reimbursed Plaintiff and his similarly situated delivery drivers for their vehicle expenses.

Defendants deny liability. Moreover, Defendants dispute Plaintiff's calculation of and measure of damages, should liability be established.

Since the inception of this lawsuit, September 11, 2019, the parties have litigated the issues by participating in discovery and briefing and filing several motions, including class and collective certification.[1]

On August 29, 2025, the Court granted Plaintiff's Motion for Certification and certified an FLSA collective and Rule 23 class for Defendants' delivery drivers that worked in Ohio. ECF No. 149. In total, 26 individuals opted-in to the action.

After entry of the Court's Order granting Plaintiff's Motion for Rule 23 Class and FLSA Certification, the Parties engaged a private mediator and attended a mediation on January 16, 2026. While the case did not settle at mediation, the Parties continued to work towards settlement and reached a settlement in principle shortly thereafter. *See* Joint Notice of Settlement, ECF No. 167. The Agreement resolves all claims by Plaintiff, Opt-In Plaintiffs, Rule 23 Plaintiffs who opted to participate in the settlement (collectively, the "Settlement Class"), and Defendants.

April 2, 2026, Plaintiff filed his Unopposed Motion for Preliminary Approval of the Settlement. ECF No. 169.That Court granted the Motion on April 6, 2026. ECF No. 170.

### 3. Summary of Settlement Terms

The settlement provides a total sum of $125,000.00 to be allocated to class members claims, minus service awards, advanced litigation costs, and settlement administration costs. *See* Ex. 1, at

[1] *See* ECF No. 103 (granting in part Plaintiff Dietrich's Motion to Compel); Sep. 14, 2022 Minute Order regarding discovery dispute conference; ECF No. 133 (Order granting in part Plaintiff Dietrich's Motion to Compel); ECF No. 136 (Order confirming Ryan Rose must supplement his document production with documents related to the corporate stores from Sep. 2016-2017); ECF No. 149 (granting Plaintiff's Motion for Rule 23 Class Certification and FLSA Conditional Certification); ECF No. 154 (Order on discovery dispute conference); ECF No. 156 (Defendants' Motion to Extend Fact Discovery Deadline); ECF No. 162 (Plaintiff's Response in Opposition to Defendants' Motion to Extend Fact Discovery Deadline).

3(A). In addition, the settlement provides $265,000.00 for attorneys' fees. *Id.* at 4(A). A number of settlement terms are notable.

First, the settlement covers only the claims asserted on behalf of delivery drivers employed until December 31, 2019 because Defendants changed their reimbursement policy to begin reimbursing drivers at the IRS standard business mileage rate as of January 1, 2020.

Second, the settlement provides class members with more than 100% of their alleged unpaid vehicle reimbursements, assuming Plaintiff wins several key legal/factual issues. Considering the risks of going forward, this is an excellent result.

Third, the amount going to class members will not be reduced by attorney's fees, because the settlement separately provides for fees.

Fourth, it is an "opt-out" settlement, meaning all class members will receive a check without having to take any action. *Id.* at ¶5(B).

Fifth, class members' settlement share will be determined based on their proportionate share of the orders taken by the members of the class during the relevant time period. *Id.* at ¶3(A)(ii). Individuals who opted in for their FLSA claims before the settlement was reached will have their miles counted at 1.25× to account for the fact that they have preserved more of their claims than those who did not opt in. *Id.*

Sixth, the release is narrowly tailored. The release is limited to claims arising from the facts asserted in Plaintiff's Complaint. *Id.* at ¶5.

Seventh, any class member who does not opt in and does not cash their check does not release their FLSA claims and is free to assert them elsewhere if they choose. *Id.* at ¶5.

**4. The Notice Process**

On April 6, 2026, the Court approved the Parties' proposed Notice and Notice Process. Doc. 170.

Atticus sent Notice of Settlement to approximately 139 class members via mail on May 4, 2026. *See* Atticus Declaration, ¶7 attached hereto as Exhibit 2. On May 19, 2026, Atticus sent notice to one additional class member who was inadvertently not included with the first set of notice mailing. *Id.*

During the notice period, notices returned in the mail as undeliverable were traced in an attempt to locate a new address for the class member. *See* Atticus Decl. at ¶¶ 6, 8. On May 8, 2026, Atticus sent the settlement notice via email to approximately 126 class members for whom email addresses were available. *Id.* at ¶9. In total, 96.45% of the class received at least one form of Notice of the proposed Settlement. *Id.* at ¶¶8-10.

On July 6, 2026, the notice period concluded. *See* Atticus Decl. at ¶13. No class member has requested exclusion or objected. *Id*. This indicates that class members are satisfied with the settlement.

Any Class Members who chose not to participate in the settlement release claims under Ohio law, but retain their FLSA claims, which means if they choose to pursue a wage and hour case in the future, and they prevail, they may recover unpaid wages and liquidated damages (to the extent the claims have not expired).

**5. All factors weigh in favor of final approval of the settlement.**

Now that the Notice process is complete, the Court has the final piece of information necessary for evaluating whether to approve the settlement—the class's reaction. Because the

class's reaction has been overwhelmingly positive, the Court should grant final approval of the Parties' settlement agreement.

**5.1. The settlement is fair, reasonable and adequate.**

As set forth in Plaintiff's Motion for Preliminary Settlement Approval, Rule 23(e)(2) provides the considerations for class settlement approval. For the Court to grant preliminary approval, it must be satisfied that it will "likely be able to" find that the settlement is "fair, reasonable and adequate" after considering whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:
(i) the costs, risks, and delay of trial and appeal;
(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
(iii) the terms of any proposed award of attorney's fees, including timing of payment; and
(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Rule 23(e)(2).

Where a class action settlement is achieved through experienced counsels' arm's-length negotiations, and absent fraud or collusion, courts should be hesitant to substitute their judgment for that of the parties who negotiated the settlement. *See Stinson v. Delta Mgmt. Assocs., Inc.*, 302 F.R.D. 160, 164 (S.D. Ohio 2014) (approving a class action settlement that "was the result of arm's-length negotiations conducted by experienced counsel for both parties.");*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005) (noting there is a "strong judicial policy in favor of settlements, particularly in the class action context") (Internal citations omitted); *In re*

*Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("there is an overriding public interest in settling class action litigation, and it should therefore be encouraged").

In his Motion for Preliminary Approval, Plaintiff explained why all of the factors that could be examined at that time weighed in favor of approving the Parties' settlement. *See* ECF No. 169, PageID #5774-5776, 5782-5783. Plaintiff incorporates those arguments herein. In short, most importantly, the class is receiving more than 100% of their alleged unpaid vehicle reimbursements, as calculated by Plaintiff, despite significant risks with going forward, and several disptuted factors regarding those calculations. *See, e.g.*, *Dillworth v. Case Farms Processing Inc.*, 2010 U.S. Dist. LEXIS 20446, *20 (N.D. Ohio Mar. 8, 2010) (finding recovery of one-third of owed wages for class members, before deducting attorney's fees and costs, is "well above… average."); *Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (finding settlement of 10% of the total amount sought is adequate due to risks and costs of trial); *Viceral v. Mistras Group, Inc.*, 2016 U.S. Dist. LEXIS 140759, *21 (N.D. Cal. Oct. 11, 2016) (in class action for owed wages, settlement payment equal to 11.6% and 5.2% of estimated value of state and federal claims is fair and reasonable in light of strength and variability of claims and risks on merits).

There were a number of contested legal and factual questions including how to value vehicle expenses for purposes of determining minimum wage compliance under the FLSA and the applicable Ohio state laws; a factual dispute over the number of miles driven; and Defendants planned to argue that drivers were not similarly sitauted and to move to decertify the FLSA collective. *See* ECF No. 169, PageID #5771. In light of these considerations, the settlement is an excellent result for the class.

On April 6, 2026, the Court granted preliminary approval of the settlement, finding that (1) the litigation has been long and protracted; (2) counsel for both Parties provided vigorous representation of their clients' interests; (3) the relief provided by the agreement appears adequate, especially consider the risks and costs of further litigation; (4) attornys' fees appeared reasonable; and finally (5) the settlemet is likely fair, just and reasonable. ECF No. 170, PageID #5815-5816. It ordered the parties to carry out the notice process. *Id.*

Now that the notice process is complete, the Court can evaluate the last factor, *i.e.*, the amount of opposition to the settlement.

There is no opposition to the settlement. The Settlement Notice was succesfully sent to approximatley 96% of the class members. Ex. 2, ¶¶7-10. No class members opted out or objected to the settlement during the notice period. *Id.* at ¶13. This factor, like the others, supports approving the settlement.

**5.2. The proposed attorney's fees, costs and service award should be approved.**

Under the FLSA and Rule 23, Plaintiff is entitled to recover reasonable attorneys' fees and costs. *See* 29 U.S.C. 216(b); Fed. R. Civ. P. 23(h). In the Sixth Circuit, district courts may award fees based on either the "percentage-of-the-fund" or the "lodestar" method. *In re Cardinal Health Inc. Sec. Litigs.*, 528 F.Supp.2d 752, 761 (S.D. Ohio 2007). Courts have discretion "to select the more appropriate method for calculating attorney's fees in light of the unique characteristics of class actions in general, and the unique circumstances of the actual cases before them." *Rawlings v. Prudential-Bache Properties*, 9 F.3d 513, 516 (6th Cir. 1993). Here, there are compelling reasons to utilize the lodestar approach.

First, the lodestar method is appropriate under the circumstances of the case because it better accounts for the amount of work performed by Plaintiff's counsel in this case. *Id*. at 516 ("The lodestar method better accounts for the amount of work done…"). The settlement was achieved only after extensive work by class counsel. As the Court is aware, the case has been pending for over six years and hotly contested. Because Plaintiff's counsel has expended substantial time and resources over several years, all while fronting costs and labor with no guarantee of recovery, this approach ensures that Plaintiff's attorneys are fairly compensated for their efforts considering the time and labor required, the complexity of the case, and the results achieved.

Second, the plaintiffs' damages are relatively small, compared to the costs required to litigate them, but they have suffered damages nonetheless. In such a circumstance, counsel is often required to expend substantial attorney time—sometimes accruing fees much greater than the value of the case—in order to help workers recover their wages. Is it essential to the proper functioning of the FLSA and associated state laws that lawyers who undertake these cases be compensated for these important efforts.

This situation—where the attorneys' fees accrued exceed the unpaid wages alleged—is the type of "compelling circumstance" that augers in favor of applying a lodestar method in a wage and hour class/collective action settlement. *See Arp v. Hohla & Wyss Ents., LLP*, 2020 U.S. Dist. LEXIS 207512, n. 1, (S.D. Ohio Nov. 5, 2020); *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 615 (6th Cir. 2021) (reversing and remanding fee award limited to a percentage of recovery in wage case). As the Sixth Circuit explained in *Rembert*, "[t]he very reason that the FLSA (and the civil-rights acts) mandate an award of reasonable fees to prevailing plaintiffs is that the

monetary value of their claims is often too small to support the cost of litigating them. If courts in these cases capped the awardable fees at some percentage of that monetary value, therefore, many workers with valid FLSA claims…would be unable to 'attract competent counsel' to represent them." *Id.* at 616 (citation omitted).

In its April 6, 2026 Order, the Court preliminarily approved Plaintiff's counsel's fee request (which was less than their lodestar) and reimbursement of advanced litigation costs. ECF 170, PageID#:5815. Likewise, the proposed service award for Plaintiff Bradley Dietrich was preliminarily approved. *Id.*

The class has now been informed of the fee request. Having received that information, no class member has objected to the attorneys' fees requested. This weighs in favor of approving the request. *See* Fed. R. Civ. P. 23(h)(2).

Plaintiff's counsel also seeks reimbursement of $9,716.83 in advanced litigation expenses, also paid separately from the settlement fund.[2] These costs were primarily for Plaintiff's share of the private mediation, costs associated with depositions, and sending FLSA notice and the notice of settlement. The declaration of Plaintiff's counsel (Ex. 3) contains further detail on counsel's actual advanced litigation expenses. These expenses are reasonable and should also be reimbursed.

Finally, Plaintiff asks the Court to approve the service award of $10,000 to Plaintiff Bradley Dietrich. The class has been informed of this proposed service award and none of them have objected. The service award is reasonable and should be approved. *See, e.g.*, *Young v. Rolling in the Dough, Inc.*, No. 1:17-cv-07825, 2020 U.S. Dist. LEXIS 35941, at *16 (N.D. Ill. Feb. 26, 2020)

[2] Counsel's lodestar expenses actually total $20,145.18. However, in the interest of providing maximum recovery to the settlement class, Class Counsel is only seeking recovery of $9,716.83.

(approving $10,000 service award in pizza delivery driver case); *Mullins v. Southern Ohio Pizza, Inc.*, 2019 U.S. Dist. LEXIS 11019, *16 (S.D. Ohio Jan. 18, 2019) (approving $10,000 service award in pizza delivery driver case); *Fox v. Team Goliath, Inc.*, No. 5:19-cv-195-JMH, 2021 U.S. Dist. LEXIS 262958, at *21 (E.D. Ky. Dec. 29, 2021) (approving $10,000 service award in pizza delivery driver case); *Chrismon v. Meadow Greens Pizza*, No. 5:19-cv-155-BO, 2020 U.S. Dist. LEXIS 119873, at *14 (E.D.N.C. July 7, 2020) (approving $10,000 service award in pizza delivery driver case); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *22 (S.D. Ohio Nov. 25, 2019) (approving $10,000 service award in pizza delivery driver case).

**6. Conclusion**

For the foregoing reasons, Plaintiffs respectfully request the Court to enter an Order (1) granting final approval of the settlement; (2) approving Class Counsel's request for attorneys' fees and costs; (3) approving Plaintiff's service award; (4) directing distribution of the settlement funds pursuant to the terms of the settlement agreement, and (6) retaining jurisdiction over the case to resolve any disputes that might arise.

Respectfully submitted,

*/s/Laura Farmwald*
Andrew R. Biller *(admitted pro hac vice)*
Andrew P. Kimble *(admitted pro hac vice)*
Laura E. Farmwald *(admitted pro hac vice)*
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 202-0710
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*lfarmwald@billerkimble.com*

*Counsel for Plaintiff and the Rule 23 class and FLSA collective*